Lawrence E. Henke
David L. Vicevich
Vicevich Law
524 E. Park Street, Ste. B
Butte, MT 59701
Telephone: (406) 782-1111
Fax No.: (406) 782-4000
larry@vicevichlaw.com
dave@vicevichlaw.com
State Bar of MT No. 42337024/4791



FILED

JUL 1 3 2020

By _____ Tom Powers, Clerk
    _____ Deputy Clerk

Attorneys for Plaintiff

## IN THE MONTANA SECOND JUDICIAL DISTRICT COURT
## STATE OF MONTANA, IN AND FOR THE COUNTY OF SILVER BOW

| | |
|---|---|
| DENENE SANDS, | ROBERT J WHELAN |
| | Cause No. DV-20-233 JUDGE DEPT. II |
| Plaintiff, | |
| | **COMPLAINT AND DEMAND** |
| vs. | **FOR JURY TRIAL** |
| | CV-20-40-BU-BMM |
| SALLY BEAUTY HOLDINGS, INC., | |
| a Delaware corporation. | SUMMONS ISSUED |
| | |
| Defendant. | |

COMES NOW the Plaintiff, DeNene Sands, by and through her counsel, Lawrence E. Henke, and for her complaint against Sally Beauty Holdings, Inc., asserts and alleges as follows:

### I.
### Parties

1. Plaintiff DeNene Sands was a resident of Butte, Silver Bow County, Montana, at all times pertinent hereto.

2. Defendant Sally Beauty Holdings, Inc. ("Sally Beauty") is a Delaware corporation pursuant to the Montana Secretary of State's office, with its principal place of business located at 3001 Colorado Blvd., Denton, TX 76210.

3. Sally Beauty can be served through its registered agent, Corporate Creations Network, 1925

Grand Ave. #127, Billings, MT 59102.

## II.
## Venue and Jurisdiction

4. Venue is proper in Silver Bow County pursuant to MCA Title 25, Chapter 2, §§ 25-2-122 (1)(b), 25-2-122(2)(a) and (b), and/or 25-2-121(1)(b)(ii).

5. This Court has jurisdiction over the parties to this lawsuit because Sally Beauty conducts its business in the State of Montana.

## III.
## Summary of the Lawsuit

6. This is a wrongful discharge complaint based on Sally Beauty's violation of the Montana Wrongful Discharge of Employment Act, § 39-2-901, *et seq.* ("WDEA") and violating Ms. Sands' civil rights under Montana law.

7. Ms. Sands was employed as the manager of the Sally Beauty store located at 3205 Harrison Ave., Suite 3, Butte, MT 59701.

8. Her employment was terminated by the employer; Ms. Sands was not in a probationary status with Sally Beauty.

9. Ms. Sands' termination was not for "good cause" as required by the WDEA; rather, the decision was arbitrary and capricious, and the employer failed to follow its own policies in the termination.

## IV.
## Background Facts

10. At all relevant times alleged herein, Ms. Sands was employed as the manager at Sally Beauty in Butte.

11. Ms. Sands began her employment Sally Beauty in Butte on January 11, 2017, as an assistant manager.

12. Two months later, she was promoted to manager.

13. On March 19, 2020, Ms. Sands was notified by Heather Sukin, her supervisor at Sally Beauty, that she was being suspended pending an investigation into allegations levied against her by an employee of the Butte store.

14. Upon information and belief, the complainant was Amelia Hartwell.

15. Prior to Ms. Hartwell filing a complaint with management at Sally Beauty, Ms. Hartwell was disciplined by Ms. Sands for violating company policy missing too many shifts.

16. The managerial complaint made by Ms. Hartwell is deemed a retaliatory complaint to cover-up or strike back for her own discipline.

17. The allegations Ms. Hartwell made, according to the employer, were that Ms. Sands talked about her sex life with her employees, that she falsely accused Ms. Hartwell of stealing, that she criticized the appearance of employees, and that she screamed at employees.

18. Ms. Sands vehemently denies having taken any of the actions of which she was accused.

19. Ms. Sands would have vigorously defended herself against the accusations during Sally Beauty's investigation, except that Sally Beauty did not even conduct an investigation.

20. Instead, Sally Beauty acting area manager Jesse Lapin terminated Ms. Sands on April 5, 2020, without the benefit of hearing her side of the story and determining whether there was any merit to Ms. Hartwell's claims.

21. The claimed reason for the termination was "unprofessional behavior."

22. On June 5, 2020, Ms. Sends sent a letter to Sally Beauty, through counsel, asking it to provide a statement of the reasons for Ms. Sands' discharge pursuant to M.C.A. § 39-2-801.

23. The letter was sent by certified mail to Sally Beauty Holdings, Inc. at 3001 Colorado Blvd., Denton, TX 76210.

24. The certified letter was received by Sally Beauty on June 10, 2020.

25. A copy of the letter was also sent by regular mail on June 5 to Sally Beauty's registered agent, Corporate Creations Network, 1925 Grand Ave. #127, Billings, MT 59102.

26. The letter to Corporate Creations Network was not returned.

27. The June 5, 2020 letter requested that Sally Beauty respond by June 17, 2020.

28. As of the date of the filing of this complaint, Sally Beauty has not provided Ms. Sands with her Section 39 reasons for discharge.

29. On June 5, 2020 Ms. Sands was notified that she could come pick up her personal items from the Butte store.

30. However, Ms. Sands' ability to retrieve her personal items was conditioned on the requirements set by Sally Beauty that she must a) pick up the items when the store was open to the public, b) that she must provide a list of what she wanted to pick up before arriving so that someone else could gather it up, and c) that she must not enter the store but that the items would be on the sidewalk in front of the store.

V.
### Claims and Causes of Action

#### COUNT 1
#### WRONGFUL DISCHARGE – M.C.A. § 39-2-904(1)(b)

31. Plaintiff herein realleges paragraphs 1 through 31 above as though fully set forth herein.

32. Ms. Sands was a non-probationary employee of Sally Beauty.

33. Ms. Sands' employment was not governed by contract, making the terms of her employment covered by M.C.A. § 39-2-904.

34. Sally Beauty terminated Ms. Sands' employment on April 6, 2020, by falsely claiming she had acted unprofessionally in her capacity as manager of the store.

35. The termination was not for cause, but rather it was an arbitrary and capricious employment decision that was premised on false allegations and an improper investigation, if any investigation occurred at all.

36. The termination violates the Wrongful Discharge of Employment Act, M.C.A. § 39-2-904(1)(b).

37. The termination has caused Ms. Sands to lose gainful employment, lost wages, loss of benefits, and costs associated with the pursuit of new employment.

### COUNT 2
### WRONGFUL DISCHARGE – M.C.A. § 39-2-904(1)(c)

38. Plaintiff herein realleges paragraphs 1 through 38 above as though fully set forth herein.

39. Ms. Sands was a non-probationary employee of Sally Beauty.

40. Ms. Sands' employment was not governed by contract, making the terms of her employment covered by M.C.A. § 39-2-904.

41. Sally Beauty has a written employee policy that "In no event will there be any retaliation against someone for reporting an activity that he or she in good faith believes to be a violation of any law, rule, regulation, or this Code."

42. Despite this assertion by Sally Beauty, Ms. Sands was terminated by the company for simply doing her job.

43. Sally Beauty's written policy[1] provides a guideline for how it determines proper discipline: "The Company's response to misconduct will depend upon a number of factors including whether the improper behavior involved illegal conduct. Disciplinary action may include, but is not limited to, reprimands and warnings, probation, suspension, demotion, reassignment, reduction in salary or immediate termination."

---

[1] Sally Beauty Holdings, Inc. Code of Business Conduct and Ethics, page 7.

**COMPLAINT AND DEMAND FOR JURY TRIAL -- Page 5**

44. Despite all the options for discipline available to it, Sally Beauty jumped straight to terminating Ms. Sands.

45. It is also unlikely Sally Beauty considered "a number of factors" since it did not conduct an investigation prior to terminating Ms. Sands.

46. Ms. Sands' termination was not for cause, but rather it was an arbitrary and capricious employment decision that did not follow the employer's written policies.

47. A termination that involves an employer failing to follow its own policies violates the Wrongful Discharge of Employment Act, M.C.A. § 39-2-904(1)(c).

48. The termination has caused Ms. Sands to lose gainful employment, lost wages, loss of benefits, and costs associated with the pursuit of new employment.

## VI.
## Exemplary Damages

49. Plaintiff herein realleges paragraphs 1 through 49 above as though fully set forth herein.

50. Sally Beauty has acted with actual malice and/or actual fraud in discharging Ms. Sands, entitling the Ms. Sands to punitive damages under M.C.A. § 27-1-220.

51. Sally Beauty acted with intent, knowledge and malice in retaliating against Ms. Sands entitling her to punitive damages under M.C.A. § 27-1-220.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

1. An award of the lost wages resulting from the wrongful discharge for four (4) years from the date of termination;

2. An award of the economic damages incurred as a result of the wrongful termination;

3. An award of the special damages incurred as a result of the wrongful termination;

4. An award of the statutory penalty of 110% of unpaid wages;

5. An award of court costs and attorney's fees incurred;

6. An award of punitive damages; and

7. For any other relief the Court deems just under the circumstances.

DATED this 11th of July, 2020.

/s/ *Lawrence E. Henke*
LAWRENCE E. HENKE
Attorney for the Plaintiff

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through her counsel, and hereby demands a jury trial.

DATED this 11th of July, 2020.

/s/ *Lawrence E. Henke*
LAWRENCE E. HENKE
Attorney for the Plaintiff

## **VERIFICATION**

STATE OF MONTANA )
                  :ss.
County of Butte   )

DeNene Sands, being first duly sworn upon oath, deposes and says:

That she is the Plaintiff in this matter and she has read the foregoing Complaint and Demand for Jury Trial and that the facts and matters contained therein are true and accurate and complete to the best of her knowledge and belief.

*DeNene Sands*
DeNene Sands

Subscribed and sworn to before me this  13  day of July, 2020.



THERESA A DUFFY
NOTARY PUBLIC for the
State of Montana
Residing at Butte, Montana
My Commission Expires
July 5, 2024

*Theresa A. Duffy*
Signature

*Theresa A. Duffy*
Printed Name
Notary Public for the State of Montana
Residing at *Butte*, MT
My Commission expires *July 5, 2024*